RODGERS, Presiding Justice.
The appellant Richard D. Risley and Roger J. Risley were jointly indicted in the Circuit Court of Jackson County, Mississippi for the alleged robbery of Mrs. Dianna Davis. Roger Risley was acquitted, but the jury found the appellant, Richard D. Risley, guilty. He was sentenced to serve a term of twelve (12) years in the state penitentiary. After his motion for a new *155 trial was overruled, he has appealed to this Court and now contends that the trial court erroneously denied the appellant the right to call witnesses during the preliminary hearing on appellant’s motion, offered in the absence of the jury, on the issue as to whether or not the eyewitness identification was tainted by suggestive procedures to such an extent that its introduction would deny the defendant due process.
Appellant also complains that the trial court erred in permitting an officer to testify that Roger Risley said his brother ran out of the house and said: “ ‘Get the hell out of here.’ What would you do if this remark was addressed to you ?”
The appellant argues that he was entitled to call witnesses to show1 that the eyewitness identification testimony should not be admitted because it was wrongfully obtained. He cites United States v. Allison, 414 F.2d 407 (9th Cir. 1969), a California case, with reference to pre-trial photographic identification, in such a manner so as to taint in-court identification. The Allison case cites Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) in which the United States Supreme Court laid down the rule that each pre-trial hearing on a motion to exclude must be considered on its own facts, and if within the light of the totality of the circumstances surrounding the case, the identification procedure by use of photographs is not such as to deny due process of law, the testimony is admissible. In Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969), the United States Supreme Court gave an example of prejudicial identification. In that case the suspect was a tall man, and he was lined up with short men for ■ identification purposes. When the eyewitness could not identify him, they brought the defendant into a room so that the witness could speak to him. Still, the witness was not sure. Ten days later the prisoner was again exhibited in a lineup, and this time the witness was convinced that the prisoner was the robber. The Court held that the continued effort to get the witness to identify the prisoner “as the man” was sufficient to undermine the reliability of the identification so as to violate due process.
In the instant case, the appellant did not advise the court of any evidence that he had that would dilute the eyewitness identification of the prisoner. The witness whom he wanted to call was later introduced and cross-examined by the appellant, but no evidence was adduced by any witness during the trial to dilute the identification of the defendant made by the victim.
The appellant contends that the statement made by Roger Risley with reference to what his brother said at the time he made a telephone call was made as a result of questions propounded to him by the officers after he had told them that he desired to remain silent. If this evidence were inadmissible for other reasons, they were not made known in the trial court. The testimony was not objectionable for the reason given because the record shows that the statement was made voluntarily at a time when the witness was not being interrogated.
We think that the testimony was sufficient to establish the appellant’s guilt, and since there is no reversible error in the record, the judgment of the trial court must be affirmed.
Affirmed.
PATTERSON, INZER, ROBERTSON and WALKER, JJ., concur.